## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

COLONY INSURANCE COMPANY,       )
a Virginia corporation,         )
                                )
                Plaintiff,       )
                                )
vs.                             )        Case No. 07-CV-136-GKF-FHM
                                )
DEANZA JONES, an Oklahoma resident,  )
ROBBIE BURKE, Special Administrator   )
of the Estate of AURORA ESPINAL-CRUZ,  )
                                )
                Defendants.      )

### OPINION AND ORDER

This matter comes before the court on the Motion to Stay Discovery of plaintiff Colony

Insurance Company ("Colony") [Doc. No. 168] and the Motion for Continuance of defendant

Robbie Burke, Special Administrator of the Estate of Aurora Espinal-Cruz (the "Estate") [Doc.

No. 175]. Colony seeks a stay of discovery pending resolution of its Motion for Summary

Judgment [Doc. No. 173] and, conversely, the Estate, pursuant to Fed.R.Civ.P. 56(f), seeks an

extension of time to respond to the summary judgment motion pending discovery the Estate

contends is essential to its response [Doc. No. 175]. For the reasons set forth below, Colony's

motion is granted and the Estate's motion is denied.

### I. Background and Procedural Status

On January 27, 2002, Aurora Espinal-Cruz, an infant in custody of the Oklahoma

Department of Human Services ("DHS"), died of an untreated respiratory infection while in the

care of her foster mother, Deanza Jones. Robbie Burke, the special administrator of the baby's

estate, sued Jones for negligence/wrongful death in the Tulsa County District Court. Prior to trial,

Jones requested that Colony and United National Insurance Company, both of which had issued

claims made foster care liability insurance policies covering her,  tender applicable  policy limits to settle the case.  However, the insurers declined to do so.   At the conclusion of the wrongful death trial, a unanimous jury returned a $20 million verdict in favor of the Estate.

Subsequently, Colony filed the instant declaratory judgment action against Jones and the Estate, seeking a determination of coverage rights with respect to policy it had issued to Jones and the judgment obtained by the Estate.  Jones counterclaimed for breach of contract, bad faith breach of contract.  The Estate also counterclaimed against Colony, asserting breach of contract, bad faith breach of contract and reformation of contract claims and seeking garnishment against the insurer.[1]  On April 8, 2008, the court granted in part Colony's Motion for Judgment as a Matter of Law [Doc. No. 43] on all claims except the garnishment claim,[2] finding that under Oklahoma law, the Estate did not have status as a third party beneficiary to the insurance policy at issue. [Doc. No. 94].[3]   On April 28, 2008, Jones and Colony settled  [Doc. No. 159] and on May 15, the court granted the Joint Motion for Order of Dismissal with Prejudice of the claims and

---

[1]The Estate also filed a Third Party Complaint against United National Insurance Company, the other insurer.  The Estate, Jones and United settled and United was dismissed on January 31, 2008 [Doc. No. 71].

[2]The minute order entered April 8, 2008, did not reflect granting of the motion with respect to the reformation claim.  However, in the hearing itself, the court explicitly ruled that the motion was granted with respect to all claims of the Estate except the garnishment claim.

[3]On March 3, 2008, Colony filed a Motion for Summary Judgment [Doc. No. 84], which was not at issue at the time of the hearing on its Motion for Judgment as a Matter of Law.  The Motion for Summary Judgment addressed issues related to whether and to what extent the policies provided coverage for the incident giving rise to the underlying wrongful death lawsuit.  On June 16, 2008, the court granted the Estate's Rule 56(f) motion to extend time to respond to Colony's summary judgment motion, ruling that the Estate would be permitted to proceed with outstanding discovery requests to the extent they were relevant to the Estate's remaining claim for garnishment [Doc. No. 113].  The subsequent settlement between Colony and Jones appears to have rendered this summary judgment motion on coverage issues [Doc. No. 84] moot.

2

counterclaims between Colony and Jones [Doc. No. 160].   Pursuant to the settlement agreement between Jones and Colony, the insurer paid the full limits for the two policy years at issue to Jones, who was in turn required to pay the proceeds to the Estate.

At a scheduling conference on July 24, 2009, Colony asserted that, as a matter of law, its settlement with Jones and payment of full limits of the two policy years extinguished the Estate's remaining claim for garnishment. [Doc. No.165].  The court gave Colony 20 days to file a summary judgment motion on the claim. [*Id.*].

On July 28, 2009, United States Magistrate Judge Frank H. McCarthy conducted a hearing on Colony's Motion to Quash deposition notices issued by the Estate for employees and former employees of Colony. [Doc. No. 166].  Neither party, at that point, raised the issue of whether the discovery sought by the Estate was relevant to the remaining garnishment claim or the summary judgment motion Colony had been directed to file.  Rather, Colony challenged the technical sufficiency of service of notice upon counsel for Colony.   [*Id.*] Magistrate Judge McCarthy granted in part and denied in part the Motion to Quash. [*Id.*]

Thereafter, on July 28, 2009, Colony filed its Motion to Stay, seeking a stay of all discovery pending resolution of its anticipated summary judgment motion [Doc. No. 168].  Colony asserted in the motion that the viability of the garnishment claim in light of the settlement between Jones and Colony was strictly a matter of law; therefore, discovery should be stayed until the summary judgment motion was resolved.  The Motion for Summary Judgment was filed on August 4, 2009 [Doc. No. 173].   In response, the Estate filed another Rule 56(f) motion, alleging outstanding discovery is relevant to the summary judgment motion on the garnishment claim [Doc. No. 175].

3

## II.  Analysis

Rule 56(f) of the Federal Rules of Civil Procedure provides:

If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

(1) deny the motion;

(2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or

(3) issue any other just order.

Fed.R.Civ.P. 56(f).  The Tenth Circuit has elaborated upon the requirements for a successful Rule

56(f) motion as follows:

Although the Supreme Court has held that, under Fed.R.Civ.P. 56(f), summary judgment [should] be refused where the nonmoving part has not had the opportunity to discover information that is essential to the opposition, this protection arises only if the nonmoving party files an affidavit explaining why he or she cannot present facts to oppose the motion.  *The party must state with specificity why extra time is needed and how the additional time and material will rebut the summary judgment motion.* [M]ere assertion that discovery is incomplete or that specific facts necessary to oppose summary judgment are unavailable is insufficient to invoke Rule 56(f).

*International Surplus Lines Insurance Company v. Wyoming Coal Refining Systems, Inc.,* 52 F.3d

901, 905 (10th Cir. 1995)  (internal quotations and citations omitted) (emphasis added).

In this case, the court has already ruled that the Estate lacks standing to assert a bad faith

claim against the insurer [Doc. No. 43].   Colony argues in its Motion for Summary Judgment

that, as a matter of law, standing to pursue a garnishment action does not change this rule, and a

claim for garnishment against a judgment debtor's insurer is restricted to policy limits. [Doc. No.

173, pp. 6-7].   Counsel for the Estate, Michael L. Barkett, acknowledged in the Scheduling

Conference that the policy limits for two policy years was $600,000, and the Estate has been paid

4

"an amount that exceeds what is written in the contract as the policy limits, but [the Estate] did not accept those as the policy limits." [Doc. No. 165, p. 10, ll 22-25].

In support of its Rule 56(f) motion, the Estate submitted the affidavit of its attorney, Michael L. Barkett.  The affidavit contains an extensive recitation of alleged discovery abuses and foot-dragging by Colony.  With respect to the need for additional discovery, the affidavit states:

> The Estate should be permitted to conduct the depositions of the Colony witnesses and receive last known addresses and phone numbers of witnesses needed to be deposed as already ordered by this Court in order to discover and refute Colony's position and allegations regarding the nature of the money paid to Jones, the arrangements of the deal with Jones, its new admissions that coverage now exists, obtain an explanation regarding the purported payment of "limits" for two policy periods (when the amount is equal to only one), how payment was for "appeal bonds" when the judgment is final and unappealable, how payment is for "counsel fees" when Jones's counsel is being paid by United National Insurance Company and they did not defend Jones in the underlying case, and/or other "supplementary payments."

[Doc. No. 175, App. 1, Affidavit of Michael L. Barkett, ¶10].   Barkett's affidavit fails, however, to explain why  details of the settlement agreement are "essential to opposition" of a summary judgment motion asserting payment of the policy limits extinguished the garnishment claim.

The gravamen of the Estate's challenge to the settlement, found in the Rule 56(f) motion itself,  appears to be that "any money paid by Jones to the Estate was merely in partial satisfaction of *__her debt to the Estate__* for the underlying judgment **which is still valid, final, and has not been released"** [Doc. No. 175, ¶17], and that the Estate's "rights to garnishment extend to the full extent of the claim Jones has against Colony including bad faith which extends beyond the 'limits' of the Colony policies." [*Id., ¶*19].

As noted above, the Estate admits that an amount exceeding the policy limits set forth in the contract for two policy years has been paid.   If the Estate is correct in its position that

5

payment of the limits did not extinguish its garnishment rights against the insurer, then details concerning the negotiation of the settlement between Jones and Colony might conceivably be relevant and discoverable.  However, until the court determines whether–as Colony argues–the insurance company's payment of policy limits extinguished the garnishment claim or whether–as the Estate asserts–it is entitled to pursue Colony for amounts in excess of policy limits–the discovery sought by the Estate is not relevant.

Therefore, the court finds the discovery sought by the Estate is not essential to its opposition of Colony's summary judgment motion.

### III.  Conclusion

For the reasons set forth above, Colony's Motion to Stay Discovery [Doc. No. 168] is granted and the Estate's Rule 56(f) Motion [Doc. No. 175] is denied.  The Estate is directed to file its response to Colony's motion on or before October 26, 2009.  Colony's first Motion for Summary Judgment [Doc. No. 84] is denied as moot in light of the settlement between Colony and Jones.

ENTERED this 13th day of October, 2009.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma